**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| YESSER JOSE LOPEZ SOZA, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02224-SHL-tmp |
| THE DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER, DIRECTING PETITIONER TO FILE
SUPPLEMENTAL FACTS, AND DIRECTING SERVICE ON RESPONDENT**

On March 11, 2026, Petitioner Yesser Jose Lopez Soza filed the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 7.)  Lopez Soza challenges his continued detention by Respondent the Department of Homeland Security ("DHS") in the West Tennessee Detention Facility without a bond hearing and his classification as an "applicant for admission" under the Immigration and Nationality Act.  (ECF No. 7 at PageID 13–14.)  He seeks an individualized bond hearing or release.  (Id. at PageID 15.)

In support of the Petition, Lopez Soza asserts only that he was detained, and has been denied a bond determination by the Memphis Immigration Court.  (ECF No. 7 at PageID 13–14.)  A habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]"  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  Further, the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—

apply equally to § 2241 habeas petitions such as this.  Malih v. Ladwig, No. 26-CV-2150, 2026 WL 417403, at *1 (W.D. Tenn. Feb. 13, 2026).  Here, to show that he is entitled to relief, Lopez Soza must allege background facts relevant to the statutes at issue, including, but not limited to, his criminal history and how long he has been present in the United States.  After reviewing the Petition, it is **ORDERED** as follows:

(1)     Within **five days** of this Order, Lopez Soza shall **SUPPLEMENT** the Petition and provide a factual basis as to why 8 U.S.C. § 1226 applies here instead of § 1225, and whether he is subject to mandatory detention under § 1226(c)(1).

(2)     Within **five days** of this Order, Lopez Soza shall deliver a copy of the Petition and all attachments, his supplemental facts, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with this requirement may justify dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)     Within **five days** after Lopez Soza fully complies with the above requirements, Respondent shall respond to the Petition in writing.

(4)     Lopez Soza may file a reply within **two days** after Respondent's responsive filing.

(5)     Respondent shall not transfer Lopez Soza out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 12th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2